## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CHINA UNITED LINES, LTD, a China
company,

       Plaintiff,

   v.

AMAZON.COM SERVICES LLC, a
Delaware limited liability company,

       Defendant.

Civil Action No. 1:23-cv-10313-PKC

Hon. Judge P. Kevin Castel

## DEFENDANT AMAZON.COM SERVICES LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES.

Defendant and Counter-Plaintiff AMAZON.COM SERVICES LLC ("Amazon"), by and through its undersigned counsel, K&L Gates LLP, hereby responds to and answers the Second Amended Complaint filed by Plaintiff and Counter-Defendant China United Lines ("CUL") and alleges the following affirmative defenses.

## ANSWER

## THE PARTIES

1.     Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the allegations in Paragraph 1.

2.     Amazon admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.     In response to Paragraph 3, Amazon only admits that Amazon.com Services LLC is a Delaware LLC with a business address in Washington, and that Amazon.com Services LLC's sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place

of business in Washington. The remainder of Paragraph 3 contains a legal conclusion to which no answer is required. To the extent any answer is required, Amazon denies the remaining allegations in Paragraph 3.

4.      In response to Paragraph 4, Amazon only admits that Amazon maintains a corporate office in this District at 450 West 33rd Street, New York, New York 10001, and that Amazon has registered with the New York State Department of State for authority to do business in New York. The remainder of Paragraph 4 contains a legal conclusion to which no answer is required. To the extent any answer is required, Amazon denies the remaining allegations in Paragraph 4. Amazon further states that the underlying agreement speaks for itself, and therefore denies any allegations inconsistent therewith.

5.      Paragraph 5 contains a legal conclusion to which no answer is required.  To the extent any answer is required, Amazon denies the allegations in Paragraph 5.  Amazon further states that the underlying agreement speaks for itself, and therefore denies any allegations inconsistent therewith.

## FACTS

6.      Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies such allegations.

7.      In response to Paragraph 7, Amazon admits that it is an online store.

8.      In response to Paragraph 8, Amazon states that the MTA, Work Order, and NDA speak for themselves and hereby denies any allegations inconsistent therewith.

9.      In response to Paragraph 9, Amazon states that the NDA speaks for itself and hereby denies any allegations inconsistent therewith.

10.      In response to Paragraph 10, Amazon states that the MTA speaks for itself and

hereby denies any allegations inconsistent therewith.

11.     In response to Paragraph 11, Amazon states that the MTA speaks for itself and hereby denies any allegations inconsistent therewith.

12.     In response to Paragraph 12, Amazon states that the MTA speaks for itself and hereby denies any allegations inconsistent therewith.

13.     Paragraph 13 contains a legal conclusion to which no answer is required.  To the extent any answer is required, Amazon denies the allegations in Paragraph 13.

14.     Amazon denies the allegations in Paragraph 14.

15.     Paragraph 15 contains a legal conclusion to which no answer is required.  To the extent any answer is required, Amazon denies the allegations in Paragraph 15.

16.     Paragraph 16 contains a legal conclusion to which no answer is required.  To the extent any answer is required, Amazon denies the allegations in Paragraph 16.  Amazon further states that the MTA and Work Order speak for themselves, and therefore denies any allegations inconsistent therewith.

17.     In response to Paragraph 17, Amazon states that the MTA speaks for itself and hereby denies any allegations inconsistent therewith.

18.     In response to Paragraph 18, Amazon states that the MTA speaks for itself and hereby denies any allegations inconsistent therewith.

19.     Amazon admits the allegations in Paragraph 19.

20.     Amazon admits the allegations in Paragraph 20.

21.     Amazon admits the allegations in Paragraph 21.

22.     In response to Paragraph 22, Amazon only admits that it sent CUL a spreadsheet entitled "Costs Due to CU Line." Amazon denies the remaining allegations in Paragraph 22.

Amazon specifically denies that the "Costs Due to CU Line" in the "CU Lines Ramp Down Plan and Term Cost" spreadsheet was an "Agreed Termination Amount." Amazon further states that the spreadsheet speaks for itself, and therefore denies any allegations inconsistent therewith.

23.    In response to Paragraph 23, Amazon states that the May 10, 2023 email speaks for itself and hereby denies any allegations inconsistent therewith.

24.    In response to Paragraph 24, Amazon states that the May 18, 2023 email speaks for itself and hereby denies any allegations inconsistent therewith.

25.    In response to Paragraph 25, Amazon only admits that Amazon sent a notice of termination for cause to CUL on June 7, 2023. Amazon denies the remaining allegations in Paragraph 25. Amazon further states that the June 7, 2023 notice speaks for itself and hereby denies any allegations inconsistent therewith.

26.    In response to Paragraph 26, Amazon states that the June 7 notice speaks for itself and hereby denies any allegations inconsistent therewith.

27.    In response to Paragraph 27, Amazon only admits that the referenced post exists or has existed on WeChat.  Amazon denies the remaining allegations in Paragraph 27.

28.    Paragraph 28 contains legal conclusions to which no answer is required.  To the extent any answer is required, Amazon denies the allegations in Paragraph 28. Amazon further states that the NDA speaks for itself and hereby denies any allegations inconsistent therewith.

29.    Paragraph 29 contains legal conclusions to which no answer is required.  To the extent any answer is required, Amazon denies the allegations in Paragraph 29.

30.    Amazon denies the allegations in Paragraph 30.

31.    Paragraph 31 contains legal conclusions to which no answer is required.  To the extent any answer is required, Amazon denies the allegations in Paragraph 31. Amazon further

states that the MTA and NDA speak for themselves and hereby denies any allegations inconsistent therewith.

32.     Amazon denies the allegations in Paragraph 32.

33.     In response to Paragraph 33, Amazon denies that its termination for cause was "improper" or "baseless." Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies the allegations in Paragraph 33.

34.     In response to Paragraph 34, Amazon only admits that CUL sent it an invoice on October 2, 2023 for $31,560,000. Amazon denies the remaining allegations in Paragraph 34. Amazon specifically denies that there was an "Agreed Termination Amount".

35.     In response to Paragraph 35, Amazon only admits that it did not pay the October 2 invoice. Amazon denies the remaining allegations in Paragraph 35. Amazon specifically denies that there was an "Agreed Termination Amount".

## COUNT I

36.     In response to Paragraph 36, Amazon incorporates and re-alleges its answers to Paragraphs 1 through 35 of the Second Amended Complaint as if fully set forth herein.

37.     Paragraph 37 contains a legal conclusion to which no answer is required. To the extent that an answer may be required, Amazon denies the allegations in Paragraph 37. Amazon further states that the MTA and Work Order speak for themselves.

38.     Paragraph 38 contains a legal conclusion to which no answer is required. To the extent that an answer may be required, Amazon denies the allegations in Paragraph 38. Amazon further states that the MTA and Work Order speak for themselves.

39.     Paragraph 39 contains a legal conclusion to which no answer is required. To the

508961799.2

extent that an answer may be required, Amazon denies the allegations in Paragraph 39.

40.     Paragraph 40 contains a legal conclusion to which no answer is required.  To the

extent that an answer may be required, Amazon denies the allegations in Paragraph 40.

41.     In response to Paragraph 41, Amazon denies that Amazon breached any

agreement, that CUL has been damaged as a result, and denies  that there was ever an "Agreed

Termination Amount."  Amazon lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 41 and therefore denies such allegations.

## COUNT II

42.     In response to Paragraph 42, Amazon incorporates and re-alleges its answers to

Paragraphs 1 through 41 of the Second Amended Complaint as if fully set forth herein.

43.     Paragraph 43 contains a legal conclusion to which no answer is required.  To the

extent that an answer may be required, Amazon denies the allegations in Paragraph 43.

44.     Paragraph 44 contains a legal conclusion to which no answer is required.  To the

extent that an answer may be required, Amazon denies the allegations in Paragraph 44.

45.     Paragraph 45 contains a legal conclusion to which no answer is required.  To the

extent that an answer may be required, Amazon specifically denies that CUL has been damaged

as a result of Amazon's termination of the MTA and Work Order. Amazon lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45

and therefore denies such allegations.

## PRAYER FOR RELIEF

WHEREFORE, Amazon denies that CUL is entitled to the relief sought in its Second

Amended Complaint and respectfully requests that this Court dismiss Plaintiff's Second

Amended Complaint in its entirety and enter judgment in favor of Amazon and against Plaintiff.

## <u>AFFIRMATIVE DEFENSES</u>

Without assuming any burden of proof or burden going forward not required by law, Amazon alleges the following affirmative defenses, while reserving the right to amend its affirmative defenses or add affirmative defenses as this case and/or discovery proceeds:

1.    CUL's Second Amended Complaint fails to state any claim upon which relief may be granted.

2.    To the extent that CUL has any claims, such claims are barred by CUL's own breaches of the MTA, Work Order, and/or NDA.

3.    To the extent that CUL has any claims, CUL's claims against Amazon are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, and/or ratification.

4.    To the extent that CUL has any claims, CUL's claims against Amazon are barred, in whole or in part, by the doctrine of unclean hands.

5.    To the extent that CUL has any claims, CUL's claims against Amazon are barred, in whole or in part, by CUL's failure to exercise due care or due diligence and/or failure to act reasonably to protect itself from, or to mitigate, any alleged damages.

6.    To the extent that CUL has any claims, CUL's claims against Amazon are barred, in whole or in part, by the doctrine of lack of formation.

7.    To the extent that CUL has any claims, CUL's claims against Amazon are barred, in whole or in part, by the doctrine of lack of consideration.

8.    To the extent that CUL has any claims, CUL's claims against Amazon are barred, in whole or in part, by the doctrine of lack of meeting of the minds.

9.    To the extent that CUL has any claims, CUL's claims against Amazon are barred, in whole or in part, by the doctrine of absence of condition precedent.

508961799.2

Amazon reserves its right to amend and supplement its affirmative defenses subject to discovery in this action.

Respectfully submitted,

Dated: January 31, 2025                    K&L GATES LLP


By:   /s/ Benjamin I. Rubinstein

Benjamin I. Rubinstein
599 Lexington Avenue
New York, NY 10022
(973) 848–4140
benjamin.rubinstein@klgates.com

Jeffrey C. Johnson (*pro hac vice*)
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 370–8338
jeff.johnson@klgates.com

*Attorneys for Defendant*
AMAZON.COM SERVICES LLC