UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

CHINA UNITED LINES, LTD, a China company,

        Plaintiff,

   -against-

AMAZON.COM SERVICES LLC, a Delaware limited liability company,

        Defendant.

CIV. NO. 1-23-cv-10313-PKC

PROTECTIVE ORDER

------------------------------------------------------- X

-------------------------------------------------------

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing documents and information disclosed in the discovery phase of this action, it is therefore hereby:

**ORDERED** that the parties to this action and their representatives, agents, and third-party experts, as well as any other person subject to this Order—including without limitation, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

    1.    Any person subject to this Order who receives from any other person subject to this Order any "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing any given Discovery Material may designate Confidential Discovery Material which contains private, secret, or restricted information of any party that by its nature must be maintained in confidence to maintain the interests of that party, including but not limited to:

        a. previously nonpublic financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

        b. previously nonpublic contracts terms between the parties;

        c. information received in confidence or under restriction from disclosure from third parties; or

1600984317.1

    d. any other category of information hereinafter given Confidential status by the Court.

3. The person producing any given Discovery Material may designate Attorneys' Eyes Only such portion of material as consists of any nonpublic information that the producing person deems in good faith would lead to significant harm or injury to the reputation and/or business of the producing person, including but not limited to:

    a. previously nonpublic business plans, product development information, marketing plans, trade secrets, and other competitively sensitive information;

    b. any information implicated by Chinese data security laws, including but not limited to the Cybersecurity Law of the People's Republic of China, the Data Security Law of the People's Republic of China, and/or the Personal Information Protection Law of the People's Republic of China; or

    c. any other category of information hereinafter given Attorneys' Eyes Only status by the Court.

4. With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portions as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. Any party to this agreement may designate testimony given or information produced at a deposition as Confidential or Attorneys' Eyes Only by making a statement on the record of the deposition or within ten (10) days of the close of the deposition. Until the passing of ten (10) days from the closing of the deposition, all testimony given or information produced at such deposition shall be treated as Confidential. Any person that designates testimony or information produced at a deposition as Confidential or Attorneys' Eyes Only shall review and declassify all non-confidential portions of the deposition transcript within thirty (30) days of receipt of the final transcript. If the person requires additional time to declassify the testimony or information, they may request additional time in writing to the party(ies) awaiting declassification, whose consent shall not be unreasonably withheld. Until the expiration of that thirty (30) day period, or such longer period as agreed to between the parties, the parties agree to treat the entirety of such deposition transcript and exhibits as Confidential or Attorneys' Eyes Only per the designation made by the producing person.

6. If at any time prior to the trial of this action a producing person realizes that some portion(s) of Discovery Material previously produced without being designated as Confidential or Attorneys' Eyes Only should be designated as Confidential or Attorneys' Eyes Only, the producing person may so designate by apprising all prior recipients of the Discovery Material in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order.

7. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as Confidential to any other person, except for:

    a. the parties to this action (including, without limitation, the parties' employees, contractors, in-house counsel, and agents who have a need to know the Confidential Discovery Material);

    b. outside counsel retained in connection with this action and any related action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, and vendors retained by such counsel;

    c. as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

    d. any mediator or arbitrator engaged by the parties in this matter, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

    e. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action may only be shown Discovery Material reasonably related to their anticipated testimony, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

    f. any third party retained by a party to serve as an expert witness in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

    g. stenographers engaged to transcribe depositions conducted in this action; and

    h. the Court and its support personnel.

    8. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as Attorneys' Eyes Only to any other person, except for those identified in Paragraphs 7(b), 7(c), 7(d), 7(e), 7(f), 7(g), and 7(h). In addition, Attorneys' Eyes Only Discovery Material may be disclosed to the following in-house counsel at each party:

    a. For China United Lines, LTD: Teresa Zhu

    b. For Amazon.com Services LLC: Tanisha Creed, Stacey LaRiviere, and Casey O'Brien.

By mutual agreement, the parties may add to or change the in-house counsel designated in this Paragraph as circumstances require.

    9. Any party who objects to any designation of confidentiality, or who requests further limits on disclosure, may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request for further limits. If agreement cannot be reached promptly, counsel for all parties will address their dispute to this Court in accordance with Rule 3.B of this Court's Individual Practices in Civil Cases.

    10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing party makes a claim of inadvertent disclosure,

1600984317.1

the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and confirm any such destruction in writing to the producing party.

11. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. Recipients of Discovery Material designated as Confidential or Attorneys' Eyes Only under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, personal, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or its own information produced in this action.

13. Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

14. Any party seeking to file Discovery Materials designated as Confidential or Attorneys' Eyes Only must seek to file such materials under seal in accordance with Rule 5.B of this Court's Individual Practices in Civil Cases.

15. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d. Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the eleventh paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

16. The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Attorneys' Eyes Only.

17. This Protective Order shall survive the termination of this litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as Confidential or Attorneys' Eyes Only, and all copies thereof, shall be promptly returned or destroyed. Notwithstanding the foregoing sentence, counsel for the parties may retain copies of the other parties' Confidential or Attorneys' Eyes Only Discovery Material, but any Confidential or Attorneys' Eyes Only Discovery Material so retained shall remain subject to the restrictions set forth in this Protective Order.

1600984317.1

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

1600984317.1

SO STIPULATED AND AGREED.

Dated July 28, 2025.

| GOTTLIEB, RACKMAN & REISMAN, P.C. | K&L GATES LLP |
|---|---|
| By: /s/ Patrick B. Monahan (with permission) | By: /s/ Benjamin I. Rubinstein |
| Gloria Tsui-Yip<br>gtsuiyip@grr.com<br>Patrick B. Monahan<br>pmonahan@grr.com<br>270 Madison Avenue, Suite 1403<br>New York, New York 10016<br>Telephone: +1 212 684 3900<br>Facsimile: +1 212 684 3999<br><br>*Attorneys for Plaintiff* | Benjamin I. Rubinstein<br>Benjamin.Rubinstein@klgates.com<br>599 Lexington Avenue<br>New York, New York 10022<br>Telephone: +1 212 536 3900<br>Facsimile: +1 212 536 3901<br><br>Jeffrey C. Johnson, admitted *pro hac vice*<br>jeff.johnson@klgates.com<br>925 4th Avenue<br>Suite 2900<br>Seattle, WA 98104<br>Telephone: +1 206 623 7580<br><br>*Attorneys for Defendant* |

**SO ORDERED.**

Dated: July 30, 2025
New York, New York

_____
HON. P. KEVIN CASTEL
United States District Judge

1600984317.1

**UNITED STATES U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- X

CHINA UNITED LINES, LTD, a China company,

        Plaintiff,

   -against-

AMAZON.COM SERVICES LLC, a Delaware limited liability company,

        Defendant.

CIV. NO. 1-23-cv-10313-PKC

**NON-DISCLOSURE AGREEMENT**

---------------------------------------------------- X

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated Confidential and/or Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone except as expressly permitted hereunder for purposes of this litigation, and that at the conclusion of this litigation, I will return or destroy such Confidential or Attorneys' Eyes Only Discovery Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

1600984317.1